FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2014 NOV -3 AM 9: 07

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Dependency of:<br><br>L.D., DOB: 09/24/2011<br><br>     Minor child.<br><br>CORNELIUS DEMPS,<br><br>     Appellant,<br><br>     v.<br><br>STATE OF WASHINGTON,<br>DEPARTMENT OF SOCIAL AND<br>HEALTH SERVICES,<br><br>     Respondent. | DIVISION ONE<br><br>No. 71207-1-I<br><br><br>UNPUBLISHED OPINION<br><br><br><br><br><br>FILED: November 3, 2014 |

PER CURIAM—Cornelius Demps appeals the trial court's dependency and dispositional orders finding his son L.D. dependent, placing L.D. in out-of-home care, and requiring him to participate in services. He contends that he was denied procedural due process when (1) the trial court reopened the dependency fact-finding hearing to hear evidence regarding a domestic violence incident that occurred after the parties had rested, and (2) the State was allowed to present unsworn evidence at the dispositional hearing in support of its recommendation that Demps undergo a domestic violence assessment. Because the trial court

did not reopen the fact-finding hearing, and because Demps's challenge to the dispositional order is moot, we affirm.

## FACTS

L.D. was born on September 24, 2011. On March 1, 2013, the Department filed a dependency petition based on concerns that (1) Demps assaulted L.D.'s mother, Shauntae Patterson,[1] (2) both Demps and Patterson physically abused L.D.'s older sibling, and (3) Patterson was inebriated when picking up L.D. from day care. At the time the petition was filed, Demps was alleged to be L.D.'s father but paternity had not been established.

The dependency fact-finding hearing began on August 12, 2013. Demps testified that he had an appointment with the King County Prosecutor's Office on August 14 to be swabbed for paternity testing. After all parties delivered closing argument, the trial court continued the fact-finding hearing to August 28 in order to obtain the paternity results before ruling.

The test results confirmed that Demps was the father of L.D. However, on or about August 21, Demps allegedly physically and sexually assaulted Patterson. The trial court continued the dependency fact-finding again to September 16 to permit the parties to investigate the new allegations.

The State sought to reopen its case in chief in order to present evidence about the incident. At a hearing on the State's motion on September 16, the trial court ruled:

---

[1] Patterson agreed to the establishment of dependency and is not a party to this appeal.

2

> What I'm going to do is review the record on the fact-finding, make the final determination as to whether there has been establish [sic] dependency apart from this new allegation. If that's the case, I'll make that determination, then you won't need to reopen, at least to the fact-finding portion of the case. We'll still have to reopen as to disposition – well, we haven't done disposition, so I'll have to [sic] disposition still.

On September 20, 2013, the trial court issued a memorandum decision in which it found that the Department had proven L.D. was dependent as defined in RCW 13.34.030(5)(c) because (1) Demps did not attempt to establish paternity until the fact-finding was underway, (2) Demps's claims that he was unaware that Patterson was physically abusing the children was not credible, and (3) Demps acknowledged he needed parenting assistance but declined to participate in a parenting assessment when it was offered by the Department. The trial court stated that it did not need "further evidence upon which to base the finding of dependency as to the father." It scheduled a dispositional hearing for October 28.

The parties submitted briefing and exhibits for the dispositional hearing. The Department's exhibits included an unsworn declaration of L.D.'s social worker, Megan Stampfli. Stampfli recommended that L.D. be placed out of Demps's care and that Demps be required to participate in domestic violence batterers' treatment. Stampfli stated that, after reviewing the police reports and hospital records from the August 21 incident and interviewing both parents, she found Patterson's version of events to be more credible than Demps's. No party requested to take oral testimony at the hearing.

On November 4, 2013, the trial court entered a combined dependency and dispositional order. The order stated that the child was dependent pursuant to RCW 13.34.030(5)(c), consistent with the trial court's earlier memorandum decision. The trial court ordered that L.D. be placed with his paternal aunt and that Demps be required to do urinalysis testing, a fathers engagement program, a parenting assessment, and a domestic violence assessment. Demps appeals.

## DECISION

In the context of a dependency proceeding, "[d]ue process requires that parents have notice, an opportunity to be heard, and the right to be represented by counsel." In re Welfare of Key, 119 Wn.2d 600, 611, 836 P.2d 200 (1992); see also RCW 13.34.090(1) (party in dependency proceedings has a right to introduce evidence, to be heard on his or her own behalf, and to examine witnesses). Demps contends that he was denied due process at the dependency fact-finding hearing when the trial court reopened the evidence to allow the Department to provide evidence about the August 21 incident because he was deprived of the opportunity to cross-examine Stampfli or call witnesses of his own. But Demps is mistaken. The record shows that the trial court denied the State's motion to reopen the evidence and did not consider the August 21 incident, finding that the evidence already presented established a basis for the establishment of dependency.

Demps also claims that he was denied due process when the trial court ordered him to undergo a domestic violence assessment based on

Stampfli's unsworn declaration. But the record shows that Demps has completed the domestic violence assessment and L.D. has been returned to his care. An issue is moot if it is not possible for this court to provide effective relief. Klickitat County Citizens Against Imported Waste v. Klickitat County, 122 Wn.2d 619, 631, 860 P.2d 390, 866 P.2d 1256 (1993). Generally this court will not consider a moot issue unless it involves matters of continuing and substantial public interest. Bavand v. OneWest Bank, F.S.B., 176 Wn. App. 475, 510, 309 P.3d 636 (2013). Because the issue has been rendered moot and is not one of public interest, we decline to address it.

We affirm the trial court's order of dependency and disposition as to Demps.

FOR THE COURT:

Becker, J.